UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | Case No.  1:26-cv-01596-FJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STOP ALL COURT PROCEEDINGS OR TO BE KEPT IN ADMINISTRATIVE SEGREGATION |
| v. | |
| CDCR, *et al.*, | (ECF Nos. 12, 13) |
| Defendants. | ORDER EXTENDING DEADLINE FOR PLAINTIFF TO SUBMIT COMPLETED PRISONER APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE |
| | **THIRTY (30) DAY DEADLINE** |

I.      **Procedural Background**

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 3, 2026, the Court issued an order for Plaintiff to submit a completed application to proceed *in forma pauperis* or to pay the filing fee for this action within thirty days.  (ECF No. 10.)

On March 23, 2026, Plaintiff filed a motion to stop all court proceedings in all of their[1]

---

[1] In another action filed by Plaintiff, the defendants stated that Plaintiff indicated a preference for they/them pronouns during their deposition. *Stokes v. Cheek*, Case No. 1:24-cv-00691, Doc. 46, p. 1, n.1.  Plaintiff should inform the Court if this is incorrect, and state any preferred pronouns to be used in future proceedings in this action.

1

cases in this court.  (ECF Nos. 12, 13.)[2]  Plaintiff states that they are to be released from custody on July 28, 2026, and asks for a suspension of all proceedings in their cases until November 2026, due to lack of resources and allegations that CDCR is attempting to force Plaintiff to drop their lawsuits by using inmates to attack Plaintiff.  (*Id.* at 2.)  Plaintiff goes on to request, in what appears to be a later addition to the original motion, that the Court "grant a motion" for Plaintiff to be kept in Administrative Segregation until their release date of July 12, 2026, due to Plaintiff's life being in danger.  (*Id.* at 6.)  Plaintiff further asks that the Court not halt any of their proceedings.  (*Id.*)  Plaintiff further confirms their intent to proceed with settlement negotiations, and has expressed their willingness to consider settlement of all of their pending cases in the Eastern District.[3]  (*Id.* at 7–8.)

To the extent Plaintiff requests an order to be held in Administrative Segregation pending their release date, the Court construes the request as a motion for preliminary injunctive relief. Although Defendants have not yet had the opportunity to file a response, the Court finds a response unnecessary.  Plaintiff's motion is deemed submitted.  Local Rule 230(l).

**II.   Discussion**

**A.   Motion for Stay of All Proceedings**

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "Generally, stays should not be indefinite in nature."  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).  If a stay is especially long or its term is indefinite, a greater showing is required to justify it.  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  The party seeking the stay bears the burden of establishing the need to stay the action.  *Clinton*, 520 U.S. at 708.

Notwithstanding that Plaintiff appears to withdraw their request for a stay of their cases in the same motion, the request for a stay is denied.  Plaintiff has not established a need to stay this

---

[2] The same motion was inadvertently docketed twice.
[3] Plaintiff is referencing another case currently set for a video settlement conference on May 8, 2026. *Stokes v. Cheek*, Case No. 1:24-cv-00691, Doc. 51.

action.  At this time, the only deadline in this action is for the submission of Plaintiff's completed application to proceed *in forma pauperis* or payment of the filing fee.  Plaintiff has not stated how, if at all, CDCR is preventing them from complying with that order.

Nevertheless, because of Plaintiff's *pro se* status and to allow Plaintiff sufficient time to receive the Court's order, the Court finds it appropriate to extend the deadline for Plaintiff to submit their application to proceed *in forma pauperis* or pay the filing fee to proceed with this action.

**B.      Motion for Preliminary Injunctive Relief**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

3

in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the Court to grant any injunctive relief. Plaintiff's complaint has not yet been screened or found to state any cognizable claims, and the Court is unable to determine if Plaintiff has shown a likelihood of success on the merits. Plaintiff must either pay the filing fee for this action or be granted leave to proceed *in forma pauperis* before the Court will screen the complaint.

To the extent Plaintiff believes they may be in danger, or that they have suffered or will suffer further violations of their constitutional rights, they have other avenues of potential relief available to them, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that they are not entitled to relief if sought in the proper forum. The issue is that Plaintiff cannot use this action to obtain the relief sought. The seriousness of Plaintiff's allegations concerning feared past or future harm cannot and do not overcome what is a jurisdictional bar. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

**III.   Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to stop all court proceedings or to be kept in administrative segregation, (ECF Nos. 12, 13), is DENIED, without prejudice;

2. The Clerk of the Court is directed to serve this order and a blank *in forma pauperis* application for a prisoner on Plaintiff;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file the attached application to proceed *in forma pauperis*, **completed and signed**, or in the

alternative, pay the $405.00 filing fee for this action;

4. No further extension of time will be granted without a showing of good cause; and

5. **Plaintiff is warned that failure to comply with this order will result in dismissal of this action, without prejudice, for failure to comply with a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated:   __March 27, 2026__                        _____

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE